141 So.2d 307 (1962)
Michael E. O'BRIEN, Appellant,
v.
HALIFAX INSURANCE COMPANY OF MASSACHUSETTS, Appellee.
No. D-60.
District Court of Appeal of Florida, First District.
May 17, 1962.
Moore & Wood, Ormond Beach, for appellant.
Alfred A. Green, Jr., and Bernard H. Strasser, Daytona Beach, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiff in an action on an automobile accident insurance policy has appealed from a final judgment entered by the Circuit Court for Volusia County upon a directed verdict for the defendant at the trial.
The principal question before us on this appeal concerns the application to the proven facts of the following exclusionary clause in the insurance policy issued by the defendant to the plaintiff: "* * * this policy does not apply to bodily injury sustained by the named insured * * * while occupying an automobile owned by or furnished for the regular use of * * * the named insured * * * other than the automobile defined herein as an `owned automobile' * * *."
The evidence established the automobile involved in the accident resulting in the plaintiff's injuries was not owned by him and was not an automobile defined in the policy as an "owned automobile." Consequently, the only question remaining is whether the automobile occupied by the plaintiff at the time of the accident was "furnished for the regular use of" the plaintiff.
The facts pertinent to this remaining question as established by the evidence at the trial are as follows:
On May 19, 1959, the plaintiff, who was employed as a police officer by the City of Ormond Beach, Florida, was engaged in *308 normal patrolling, driving car No. 14, owned by that city. About the middle of the afternoon he was ordered to drive to Daytona Beach with a superior officer on official business, that is, to pick up another Ormond Beach police car No. 11 at a garage. The plaintiff drove Car No. 15 to Daytona Beach. On the return trip to Ormond Beach, the superior officer drove car No. 15, and the plaintiff drove car No. 11 and became involved in an accident in which he sustained various personal injuries. In his work as a police officer of Ormond Beach the plaintiff was expected to and did use whichever one of the four city-owned cars was assigned to him. While he was permitted to use a police car to go home in for meals, if it were convenient for him to do so, he was still considered on duty on such occasions.
The plaintiff then filed this action against the defendant to recover medical expenses incurred as a result of the mentioned accident, basing his claim upon a policy he carried on his private automobile, which policy contains the exclusionary clause quoted early in this opinion.
In this appeal the plaintiff-appellant invokes the rule that insurance policy restrictions are to be construed in favor of the insured and against the insurance company. That rule is well established, but it is equally well established that this rule applies only where the terms of the restrictive provisions in the policy are ambiguous.
The case of Vern v. Merchants Mut. Casualty Co., 21 Misc.2d 51, 118 N.Y.S.2d 672 (1952), involved an exclusionary clause similar to that before us on this appeal. The New York Supreme Court, Appellate Term, held that "* * * since the facts are admitted and the terms of the policy are not ambiguous, the interpretation of the contract was for the court."
An exclusionary clause identical to that here was interpreted by the Supreme Court of Mississippi in the case of Moore v. State Farm Mutual Ins. Co., 239 Miss. 130, 121 So.2d 125 (1950), which court said that "* * * it is regular use of other automobiles that brings the exclusionary clause into operation, and if insured's employer assigns him one specific automobile for regular use or a number of automobiles, any one of which may be assigned for a particular trip, the result is the same. An automobile is furnished insured `for regular use' in either event. * * * We agree * * * there is no ambiguity in the policy and we are of the opinion that the directed verdict for appellee was proper." The lower court had granted a directed verdict for the insurance company.
The holding in the Moore case that an exclusionary clause involved in that case, identical to that in the instant case, is not ambiguous when read in conjunction with the general coverage clause, appears to represent the majority opinion in this country, as pointed out by the Louisiana Court of Appeals in an exhaustive discussion of this area of the law in Leteff v. Maryland Casualty Co., 91 So.2d 123 (1956). The only case in which a court has held that such an exclusionary clause is ambiguous seems to be Travelers Indemnity Co. v. Pray, 6 Cir., 1953, 204 F.2d 821. Six years after the last decision was announced, the Louisiana Court in the Leteff case stated that "the interpretation placed upon the exclusion clause by the majority in the Pray case not only stands alone but is in error. The great weight of authority is contra."
In the state of the evidence adduced at the trial in the instant case, we think that the jury as reasonable men could only have lawfully concluded therefrom that the automobile occupied by the plaintiff at the time of the accident was furnished for his regular use, and hence the injuries he sustained were excluded from the coverage of the policy upon which he is suing. Therefore, the Circuit Court properly directed a verdict in favor of the defendant.
As the District Court of Appeal, Second District of Florida held in Newbern Distributing Company v. Canal Insurance Company, *309 124 So.2d 721 (1960), except where controlled by statute or public policy, an insurance company is free to insert exemption clauses in its policies and "an insurance company is not responsible under its liability policy for risks or causes which have been excepted * * *."
Since, as we have held, the Circuit Court properly directed a verdict for the defendant at the trial, the final judgment based upon such verdict must be, and it is, affirmed.
Affirmed.
STURGIS and RAWLS, JJ., concur.