KENNEY, APPELLEE, *v.* EMPLOYERS' LIABILITY ASSURANCE CORP., LTD., APPELLANT.

[Cite as Kenney v. Employers' Liability Assurance Corp., 5 Ohio St 2d 131.]

(No. 39491—Decided February 16, 1966.)

*Messrs. Traxler & Malkoff* and *Mr. Marvin Traxler*, for appellee.

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. John D. Liber*, for appellant.

TAFT, C. J.   The question to be decided may be stated as follows:

Where a city police officer sustains bodily injury while occupying a police cruiser and where such police officer had been working on general police duty but had been assigned to work

in a police motor vehicle on 122 of the 164 working days during which a family automobile policy had been in force on his own automobile, is such bodily injury excluded from the coverage of such policy by the provisions therein that such "policy does not apply * * * to bodily injury * * * sustained by the named insured * * * while occupying an automobile * * * furnished for the regular use of * * * the named insured * * * other than an automobile defined * * * as an 'owned automobile,' " *i. e.*, an "automobile * * * owned by the named insured, and" including "a temporary substitute automobile."

In our opinion, it is.

There may be factual situations where a reasonable doubt might arise as to whether an automobile was furnished for the "regular use" of a named insured. See for example *Century Indemnity Co.* v. *United States Casualty Co.* (C. C. A. 5 1962), 306 F. 2d 956; *Travelers Indemnity Co.* v. *Pray* (1953), 204 F. 2d 821; *Palmer* v. *Glens Falls Ins. Co.* v. *Hill* (1955), 58 Wash. 2d 88, 360 P. 2d 742; *American Automobile Ins. Co.* v. *English* (1957), 266 Ala. 80, 94 So. 2d 397; *Juzefski* v. *Western Casualty & Surety Co.* (1959), 173 Cal. App. 2d 118, 342 P. 2d 928.

However, on the facts of this case, we do not believe that the words "an automobile * * * furnished for the regular use" of plaintiff are ambiguous or can reasonably be interpreted so as not to describe the cruiser in which plaintiff was riding at the time of his injury. *O'Brien* v. *Halifax Ins. Co. of Massachusetts* (Florida App. 1962), 141 So. 2d 307; *Brouillette* v. *Fireman's Fund Ins. Co.* (La. App. 1964), 163 So. 2d 389; *Commercial Ins. Co. of Newark* v. *Gardner* (D. C., E. D. S. C. 1964), 233 F. Supp. 884. See annotation, "Exclusion from 'drive other cars' provision of automobile liability insurance policy of other automobile owned, hired, or regularly used by insured or member of his household," 86 A. L. R. 2d 937.

In order to be excluded under this exclusionary clause, an automobile need not be a single particular automobile regularly furnished to the named insured. Thus it is well settled that an automobile will be excluded under such policy provisions although it is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer. *Century Indemnity Co.* v. *United States Casualty*

*Co., supra* (306 F. 2d 956) ; *O'Brien* v. *Halifax Ins. Co. of Massachusetts, supra* (141 So. 2d 307) ; *Farm Bureau Mutual Automobile Ins. Co.* v. *Boecher, supra* (37 Ohio Law Abs. 553) ; *Davy* v. *Merchants Mutual Casualty Co.* (1952), 97 N. H. 236, 85 A. 2d 388; *Moore* v. *State Farm Mutual Automobile Ins. Co.* (1960), 239 Miss. 130, 121 So. 2d 125; *Voelker* v. *Travelers Indemnity Co.* (1958), 260 F. 2d 275.

In our opinion, where a city police officer working on general police duty is assigned to work in a police motor vehicle on 122 of 164 working days, such a vehicle is as a matter of law "an automobile furnished for" his "regular use" within the meaning of such policy provisions. *Brouillette* v. *Fireman's Fund Ins. Co., supra* (163 So. 2d 389) ; *O'Brien* v. *Halifax Ins. Co. of Massachusetts, supra* (141 So. 2d 307). See *Commercial Ins. Co. of Newark* v. *Gardner, supra* (233 F. Supp. 844) ; *Farm Bureau Mutual Automobile Ins. Co.* v. *Marr* (1955), 128 F. Supp. 67.

Therefore, the judgment of the Court of Appeals is reversed and final judgment rendered for defendant.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.