## State Farm Mut. Auto Ins. Co. v. Counts
*[Cite as 8 AOA 448]*

*Case No. 14490, 14492*
*Summit County, (9th)*
*Decided November 7, 1990*

*David W. Hilkert, 50 S. Main St., P.O. Box 1500, Akron, Ohio 44309, for Plaintiff.*

*Robert A. Royer, 1100 First Nat'l. Tower, Akron, Ohio 44308, for Defendants.*

*Richard R. Strong and Elizabeth A. Nocera, 75 E. Market St., Akron, Ohio 44308, for Defendants.*

CIRIGLIANO, J.

The instant case arises from the trial court's order of declaratory judgment. We reverse.

On September 28, 1986, Bob Thomas requested that defendant-appellee Tracy Counts join him in making deliveries for their employer Dairy Mart. Counts, who was not scheduled to work that day, agreed to accompany Thomas on the delivery run.

After completing a delivery, Counts attempted to adjust the brakes on the Dairy Mart-owned tractor-trailer. While Counts was under the trailer, Thomas noticed that the trailer began to move. Thomas neglegently put the tractor-trailer in gear causing the vehicle to surge forward onto Counts' arm, severely injuring him.

The Dairy Mart vehicle was covered under a policy of insurance issued by defendant-appellee, Kemper Insurance Company ("Kemper"). Counts also claimed coverage

under an automobile insurance policy issued to him by plaintiff-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"). Both policies contained provisions for uninsured motorist coverage.

On January 11, 1988, State Farm filed a declaratory judgment action seeking a declaration that Counts was not entitled to coverage from the uninsured motorist provisions in the State Farm policy for the injuries sustained in the accident. State Farm later amended its complaint to also seek a declaration that if Counts was entitled to uninsured motorist coverage, then the Kemper policy was the primary coverage over State Farm's policy.

Kemper filed an answer denying coverage and Counts filed a cross-claim against Kemper alleging coverage for his injuries.

The trial court subsequently tried the matter. The trial court found that Counts was entitled to coverage from State Farm under the uninsured motorist provisions of the policy. The trial court also found that Counts was not entitled to uninsured motorist coverage under the Kemper policy.

State Farm and Counts now appeal from the trial court's declaratory judgment order.

State Farm Assignment of Error I

"The trial court committed prejudicial error in finding that Tracy Counts was injured by an uninsured motor vehicle operated by Robert Thomas on September 28, 1986."

The State Farm uninsured motorist policy provides in part:

"***.

"We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

"***."

The Kemper uninsured motorist policy provides in part:

"We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the owership, maintenance or use of the uninsured motor vehicle."

"***. "

State Farm asserts that the trial court erred in allowing Counts to recover under an uninsured motorist policy, because the Dairy Mart tractor-trailer was not an uninsured motor vehicle.

The State Farm uninsured motorist policy defines uninsured motor vehicle as:

"***

"1. a land motor vehicle, the ownership, maintenance or use of which is:

"***.

"b. insured or bonded for bodily injury liability at the time of the accident; but

"***.

"(3) the insuring company denies coverage ***."

The Kemper uninsured motorist policy also defines uninsured motor vehicle as:

"*** a land motor vehicle or trailer:

"***.

"c. For which an insuring or bonding company denies coverage ***."

Moreover, R.C. 3937.18(D) provides in part:

"***

"(D) For the purpose of this section, a motor vehicle is uninsured if the liability insurer denies coverage [.]"

In the case *sub judice*, Kemper denied coverage to Counts under the liability section of its policy based upon the following exclusions:

"C. WE WILL NOT COVER -
EXCLUSIONS.

"This insurance does not apply to: ...

"2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

"***.

"4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

"5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits."

"***."

The appellants do not dispute that Kemper's denial of liability coverage to Counts through the application of the above exclusions was valid. Therefore, pursuant to

R.C. 3937.18(D), Kemper's denial of coverage rendered the Dairy Mart tractor-trailer an uninsured vehicle. See *Auto-Owners Ins. Co. v. Jeffries* (Jan. 14, 1988), Richland App. No. 2497, unreported.

State Farm cites *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St. 3d 360, in support of its argument that Kemper's denial of liability coverage does not render the Dairy Mart vehicle an uninsured vehicle. However, the Supreme Court in *Dairyland, supra*, only ruled upon the validity of an exclusionary clause in an uninsured motorist policy. We hold that the Dairy Mart tractor-trailer was an uninsured vehicle under both the State Farm and Kemper policies. State Farm's first assignment of error is overruled.

State Farm's Assignment of Error II

"The trial court committed prejudicial error in finding Tracy Counts legally entitled to recover damages since Counts had no right to recover from the alleged tortious fellow-employee." State Farm asserts that R.C. 4123.74 and R.C. 4123.741 prohibit Counts from recovering damages from an uninsured motorist policy as Counts was injured by a fellow employee in the course and scope of his employment, and because Counts also received workers' compensation benefits for his injuries.

R.C. 4123.74 and R.C. 4123.741. establish that Dairy Mart and Thomas are immune from responding in damages for Counts' injuries if Counts was injured by a fellow employee in the course and scope of his employment, and if the injuries were compensable through the Workers' Compensation Law of Ohio. In addition, an insurer is not liable to its insured on an uninsured motorist claim where the claim arises from an accident in which the tortfeasor causing the insured's injuries is immune pursuant to the statutory fellow-employee doctrine, because the insured is not legally entitled to recovery from the tortfeasor. See *State Farm Mut. Auto. Co. v. Webb* (1990), 54 Ohio St. 3d 61, syllabus. Accordingly, State Farm is not liable to Counts under the uninsured provisions of trie State Farm policy. State Farm's second assignment of error is sustained.

State Farm's Assignment of Error V

"The trial court erred in overruling sub silentio or in the alternative in failing to rule on the applicability of State Farm's regular or frequent use exclusion."

We have determined that State Farm's uninsured motorist policy is not applicable to Counts' claim. In addition, we must determine whether Counts' claim is excluded under State Farm's uninsured motorist policy.

Regular use is defined as frequent, steady or constant over a substantial period of time. See *Ohio Cas. Ins. Co. v. Travelers Indem. Co.* (1975), 42 Ohio St. 2d 94. In order to be excluded under a "regular use" clause, a vehicle need not be a single particular vehicle regularly furnished to the insured. *Kenney v. Employers' Liability Assurance Corp.* (1966), 5 Ohio St. 2d 131, 134.

A vehicle will be excluded under such policy provisions although it is only one of a group of vehicles from which a vehicle is regularly furnished to the insured by his employer. *Id.* at paragraph two of the syllabus.

In the case *sub judice*, the record reveals that there were six to eight Dairy Mart tractor-trailers available for Counts' use as an employee of Dairy Mart, including the tractor-trailer involved in the accident. Counts generally used one of these six to eight vehicles every day to make deliveries. Counts used the particular vehicle involved in the accident off and on for the nine months he was employed at Dairy Mart. The frequency of use of that particular vehicle ranged from twice a week to once a month.

We hold that the Dairy Mart tractor-trailer involved in the accident was furnished by Dairy Mart for Counts' regular use. The "regular use" exclusion is a valid exclusion in an uninsured motorist policy. *Curtis v. Peerless Ins. Co.* (Dec. 13, 1989), Summit App. No. 14188, unreported; See *Dairyland, supra*. Therefore, the trial court erred in failing to apply the "regular use" exclusion under the State Farm uninsured motorist policy to bar Counts' recovery under the policy. State Farm's fifth assignment of error is sustained.

State Farm's Assignments of Error

"III. The trial court committed prejudicial error in finding that Tracy Counts was not an insured under the Kemper policy of insurance.

"IV. The trial court committed prejudicial error in concluding that State Farm s policy, as opposed to Kemper's, was the policy applicable to Counts' claim.

Counts' Assignment of Error

"The trial court erred in granting the motion for summary judgment of defendant-appellee Kemper insurance company and in denying the motion for summary judgment of defendant-appellant Tracy Counts."

Having concluded that an exclusion and the fellow-employee doctrine bars Counts' recovery of uninsured motorist benefits from the State Farm policy, we now examine the Kemper uninsured motorist policy.

Both State Farm and Counts assert that the trial court erred in finding that Counts is not an insured under the Kemper uninsured motorist policy.

The Kemper uninsured motorist provisions define an insured as:

"***.

"1. You or any family member.

"2. Anyone else occupying a covered auto ***.

"A. 'You' and 'Your' mean the person or organization shown as the named insured in ITEM ONE of the declarations.

"***."

"1. 'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

"2. 'Occupying' means in, upon, getting in, on, out or off.

"***."

Dairy Mart is the organization shown as the named insured in item one of the declarations.

Where the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St 3d 208, syllabus.

"You" in the policy refers to Dairy Mart, as a legal entity, and not to the employees of Dairy Mart. See, *King, supra*, at 212. As Dairy Mart is a corporate entity, the ordinary meaning of "family member" is manifestly absurd, therefore, "family member" is ambiguous and must be construed in favor of Counts. *Id.*

Counts was injured as a result of the ownership, maintenance or use of the tractor-trailer for the benefit of Dairy Mart. The tractor-trailer was listed as an insured vehicle in the Kemper policy, however, was rendered an uninsured vehicle through the denial of coverage. Construing "family member" in favor of Counts, we conclude that "family member" includes all employees of Dairy Mart. See *King, supra*, at 212-213. Therefore, Counts is an insured under the uninsured motorist provisions of the Kemper policy.

Even assuming, *arguendo*, that Counts is not a "family member" under the policy, Counts is covered under the Kemper uninsured motorist policy. Coverage is extented to anyone else occupying a covered vehicle.

The word "occupying" should not be given an unduly narrow definition. *Kish v. Central Nat. Ins. Group* (1981), 67 Ohio St. 2d 41, 51. In construing uninsured motorist provisions of automobile insurance policies which provide coverage to persons "occupying' insured vehicles, the determination of whether a vehicle was occupied by the claimant at the time of an accident should take into account the immediate relationship the claimant had to the vehicle, within a reasonable geographic area. *Joins v. Bonner* (1986), 28 Ohio St. 3d 398, 401.

In the case *sub judice*, Counts was underneath the vehicle working on the brakes. We conclude that Counts was in close proximity to the tractor-trailer, and had a sufficient relationship with the tractor-trailer to be considered "upon" the tractor-trailer. See, e.g., *Halterman v. Motorists Mut. Ins. Co.* (1981), 3 Ohio App. 3d 1 (claimant held "occupying" vehicle when injured siphoning gasoline into the insured vehicle); *Robson v. Lightning Rod Mut. Ins. Co.* (1978), 59 Ohio App. 2d 261 (claimant held "occupying" vehicle when injured loading a stereo into the trunk of the insured vehicle); *Madden v. Farm Bureau Mint. Auto. Ins. Co.* (1948), 82 Ohio App. 111 (claimant held "occupying" vehicle when injured placing a tire in the truck of the insured vehicle).

As stated above, the tractor-trailer was an insured vehicle rendered uninsured by the denial of coverage. Counts was "occupying" the tractor-trailer at the time of his injuries. Therefore, Counts is covered under the uninsured motorist provisions of the Kemper policy.

Nevertheless, even though Counts was covered under the Kemper uninsured motorist

policy, Kemper will not be liable to Count's for his injuries. See *Webb, supra.* Counts was injured by Thomas, a fellow-employee. Neither Kemper nor State Farm are liable to Counts, because neither Kemper nor State Farm can recover from Thomas due to Thomas' statutory fellow-employee immunity. *Id.* State Farm's third and fourth assignments of error and Counts' assignment of error are overruled.

The judgment of the trial court is affirmed in part and reversed in part.

REECE, P.J., BAIRD, J., concur.