JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiffs-appellants, Guy and Gail Pickering, appeal from a common pleas court order granting summary judgment in favor of their automobile insurance provider, Nationwide Mutual Insurance Company ("Nationwide"), on appellants' claim for underinsured motorists' coverage. Appellants urge that the common pleas court erred by finding that the policy excluded coverage because Guy Pickering was occupying a vehicle made available for his regular use and not insured for liability coverage under the Nationwide policy when the collision occurred. We find no error in the court's decision, so we affirm.
 FACTUAL AND PROCEDURAL HISTORY {¶ 2} Appellants originally filed this action on January 22, 2002. They filed an amended complaint, with leave of court, on August 1, 2002. The amended complaint alleged that, on August 7, 2000, Guy Pickering was injured in an automobile accident on West Pleasant Valley Road in the City of Parma, Ohio as a result of the negligence of Alan A. Orenich. Orenich's insurer, Farmers Insurance Company, tendered to Guy Pickering the sum of $47,500, which substantially exhausted the $50,000 policy limits. Appellants claimed that their own automobile insurance carrier, Nationwide Mutual Insurance Company, had refused to provide underinsured motorist coverage in bad faith. In addition, they claimed that their homeowner's insurance policy, issued by Ohio Casualty Group, was a motor vehicle liability insurance policy under which they were entitled to underinsured motorist coverage. Finally, appellants claimed they were entitled to underinsured motorist coverage under the policy of commercial general liability insurance issued to Gail Pickering's employer.
 {¶ 3} Each of the insurers moved for summary judgment in its favor. The court granted each of these motions. In granting Nationwide's motion, the court stated:
 {¶ 4} "Motion for summary judgment of deft Nationwide Mutual Insurance Company filed 10/1/02 is granted. Pltf's motion for summary judgment against deft Nationwide filed 10/31/02 is denied. The court finds and declares that plaintiff is not entitled to UM coverage under the Nationwide policy pursuant to the policy's `available for regular use' exclusion. Plaintiff was occupying a vehicle made available for his regular use when the accident occurred. The term occupying as used in the exclusion encompasses all occupants of a vehicle whether passengers or drivers."
 {¶ 5} Appellants have appealed only the judgment in favor of Nationwide. They do not challenge the rulings in favor of the other insurers.
 LAW AND ANALYSIS {¶ 6} The parties agree that, at the time of the collision, Guy Pickering was operating a mail truck in the course of his employment with the United States Postal Service ("USPS"). At deposition, Pickering testified that he drove a USPS truck five days per week as part of his employment. He said he had used the same truck for two years before this accident, unless there was a problem with it. The substitute who delivered the mail on Guy Pickering's day off used the same truck. According to Pickering, "[t]he vehicle goes with that route."
 {¶ 7} The uninsured motorists coverage endorsement of Nationwide's policy provides in pertinent part:
 {¶ 8} "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
 {¶ 9} "1. ownership;
 {¶ 10} "2. maintenance; or
 {¶ 11} "3. use;
 {¶ 12} of the uninsured motor vehicle.
 {¶ 13} "* * *
 {¶ 14} "This coverage does not apply to:
 {¶ 15} "* * *
 {¶ 16} "3. Bodily injury suffered while occupying a motor vehicle:
 {¶ 17} "a) owned by;
 {¶ 18} "b) furnished to; or
 {¶ 19} "c) available for the regular use of;
 {¶ 20} you or a relative, but not insured for Auto Liability coverage under this policy. * * *"
 {¶ 21} The court found that the mail truck was a vehicle "available for the regular use of" Guy Pickering which was not insured for automobile liability coverage under the Nationwide policy. Therefore, the bodily injury he incurred while occupying the mail truck was excluded from coverage under the terms of the Nationwide policy.
 {¶ 22} Appellants argue that Pickering's use of the mail truck to perform his duties for the USPS does not mean that the truck was available for his regular use. We disagree. Appellant had permission from his employer to use the same mail truck every day to perform the duties of his employment. The USPS kept the truck for appellant to use. Thus, the truck was, indeed, available for his regular use. The fact that he did not have unlimited use of the vehicle for both work-related and personal purposes is irrelevant. See Kenney v. Employer's Liability AssuranceCorp., Ltd. (1966), 5 Ohio St.2d 131.
 {¶ 23} We find this case to be indistinguishable from Kenney in all material respects. In Kenney, a police officer was injured while riding in a police cruiser on duty. His personal automobile insurance coverage provided that it did not apply "to bodily injury * * * sustained by the named insured * * * while occupying an automobile * * * furnished for the regular use of * * * the named insured * * * other than * * * `an owned automobile'." The supreme court held that, as a matter of law, the police cruiser was a vehicle furnished for the regular use of the named insured, because he was assigned to work in a police vehicle on 122 of 164 working days. Therefore, the officer's injuries were not covered by the policy.
 {¶ 24} The facts of this case even more strongly support a finding that the appellants' injuries are excluded from coverage than did the facts in Kenney.[1] Here, Guy Pickering used a USPS vehicle every day of his employment, not 75 percent of the time as did the police officer in Kenney. Pickering used the same vehicle every day; he did not get a different vehicle from a pool as the police officer did. Therefore, we hold that, as a matter of law,[2] at the time Pickering was injured, he was occupying a vehicle available for his regular use which was not covered by the Nationwide policy. Accordingly, the common pleas court properly held that his injuries were excluded from coverage and correctly granted summary judgment for Nationwide.
Affirmed.
FRANK D. CELEBREZZE, JR., J. and SEAN C. GALLAGHER, J. concur.
[1] The fact that this case involves uninsured motorists coverage, while Kenney involved first-party coverage, is irrelevant. In both cases, the court is construing an exclusion from coverage. Cf. Ohio Cas.Ins. Co. v. Travelers Indemn. Co. (1975), 42 Ohio St.2d 94. It is also irrelevant that the policy in Kenney excluded coverage for an auto "furnished" for the insured's regular use, while the exclusion at issue here refers to autos "available" for the regular use of the insured. The USPS specifically provided the postal truck for appellant to use in performing his job duties, so the truck was both "furnished to" the insured and "available for" his regular use.
[2] The question whether an automobile is available for the regular use of the insured may sometimes be a factual question. Kenney,5 Ohio St.2d at 134. In this case, however, it is not.