ROESER et al., Appellants,

v.

STATE FARM MUTUAL INSURANCE COMPANIES, Appellee.

[Cite as *Roeser v. State Farm Mut. Ins. Cos.*, 183 Ohio App.3d 168, 2009-Ohio-3395.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–09–003.

Decided July 10, 2009.

James W. Hart and Carl J. Kamm III, for appellants.

Paul D. Eklund, for appellee.

SINGER, Judge.

{¶ 1} Appellant appeals a summary judgment issued by the Erie County Court of Common Pleas in favor of an insurer in a coverage dispute. For the reasons that follow, we reverse.

{¶ 2} Appellant, Mark A. Roeser,[1] worked as an auto mechanic at a Sandusky Ford dealership. On August 1, 2005, appellant's employer asked him to quiet the brakes on a new vehicle owned by the dealership. Appellant repaired the brakes and took the car for a test drive to verify his work.

{¶ 3} Within minutes of leaving the dealership, appellant reduced speed to accommodate a car slowing to make a right turn in front of him. At that point, the vehicle appellant was driving was struck in the rear by a car driven by Timothy Harris. It is undisputed that Harris's negligence caused the collision. Appellant was injured.

{¶ 4} Appellant pursued and apparently settled a personal-injury claim with Harris. He also initiated a claim for underinsured-motorist's coverage from his own insurer, appellee State Farm Mutual Insurance Co. When appellee denied his claim, appellant brought the suit that underlies this appeal. Appellant sought a declaration of coverage. He coupled with this complaint an assertion that appellee had denied his claim in bad faith.

{¶ 5} Appellee answered appellant's complaint, responding that it had denied coverage because appellant's policy excluded coverage for an injury incurred when the insured was operating a vehicle provided for his regular use and not insured by appellee. Moreover, appellee insisted, its denial of coverage was made in good faith.

{¶ 6} Following discovery, the matter was submitted to the court on cross-motions for summary judgment. On consideration, the trial court concluded that appellant was not entitled to coverage, granted appellee's motion, and denied appellant's. From this judgment, appellant now brings this appeal. Appellant sets forth the following two assignments of error:

---

1. Mark Roeser's wife, Marlene Roeser, is also an appellant by virtue of a loss-of-consortium claim. For clarity, we shall refer to Mark Roeser as "appellant."

{¶ 7} "I. The trial court erred in granting the motion of defendant for summary judgment, ruling that plaintiffs Mark and Marlene Roeser were not entitled to underinsured motorist insurance coverage from defendant State Farm Mutual Auto Insurance Company.

{¶ 8} "II. The trial court erred by denying the motion of plaintiffs for partial summary judgment."

{¶ 9} Appellate review of an award of summary judgment is de novo, employing the same standard for summary judgment as a trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when the following is demonstrated:

{¶ 10} "(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 11} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246. A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 12} There are no questions of material fact in this matter. The only issue is whether, as a matter of law, appellant is entitled to underinsured-motorist coverage under the terms of the insurance contract as applied in this factual context.

{¶ 13} This insurance policy issued by appellee to appellant provides:

{¶ 14} "We will pay damages for ***bodily injury*** an insured: 1. is legally entitled to collect from an ***uninsured motorist*** * * *." An uninsured motorist is defined in the policy to include, "the owner or operator of: 1. a ***motor vehicle*** * * * (b)

insured or bonded for bodily injury at the time of the accident; but * * * (2) the limits of liability: (a) are less than the limits *you* carry for uninsured motor vehicle coverage under this policy * * *." Appellee admitted in its answer that Harris's bodily injury coverage was less than the limits of appellant's "U" coverage in the policy at issue. As a result, appellant is presumptively covered.

{¶ 15} The policy, however, excludes coverage, "2. FOR DAMAGES ARISING OUT OF AND DUE TO *BODILY INJURY* TO AN *INSURED* : a. WHILE OPERATING OR *OCCUPYING* A *MOTOR VEHICLE* OWNED BY, LEASED TO, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF *YOU* * * * IF THAT *MOTOR VEHICLE* IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY. * * *." It is this provision that is the source of contention here.

{¶ 16} Here, as he did in the trial court, appellant directs our attention to this court's decisions in *Auto–Owners Ins. Co. v. Merillat*, 167 Ohio App.3d 148, 2006-Ohio-2491, 854 N.E.2d 513, and *Hartman v. Progressive Max Ins. Co.*, 6th Dist. No. WM–05–007, 2006-Ohio-1629, 2006 WL 832915. Appellant suggests that by applying to the facts of this case the five "signposts" utilized in those decisions, it could only be concluded that the car in which he was injured had not been provided to him for regular use.

{¶ 17} It is undisputed, appellant insists, that he drove the car only once. Permission for his use of the car was only in the scope of his repair of the vehicle. He could not drive that car or any other car owned by the dealership without authorization. His authorization to drive this car was only in connection with a test of his repair. He had been driving the car for less than five minutes. All of these facts, appellant maintains, militate against a conclusion that the car in which he was injured had been provided to him for his regular use.

{¶ 18} Appellee responds, pointing to appellant's deposition testimony, that he daily test-drove vehicles, arguing that this is sufficient to demonstrate that appellant's employer provided or made available to him a vehicle for his regular use. Appellee insists that it is of no consequence that appellant had never before been in the vehicle in which he was injured, nor was it of any import that his time in this vehicle was measured in minutes. Appellant testified that he test-drove his employer's vehicles on a regular basis, and this is sufficient. Appellee cites *Kenney v. Employers' Liab. Assur. Corp.* (1966), 5 Ohio St.2d 131, 34 O.O.2d 259, 214 N.E.2d 219, and cases from outside the district for the proposition that one does not need to be assigned a specific vehicle to be considered in regular use of a provided vehicle.

{¶ 19} The trial court found *Merillat* "inapposite," because it involved an analysis of liability coverage rather than uninsured-motorist coverage. Instead, the court relied on *Kenney* and out-of-district cases to conclude that appellant

was excluded from coverage by the "regular use" provision. On this conclusion, the court granted appellee's summary-judgment motion and denied appellant's.

{¶ 20} In *Merillat*, 167 Ohio App.3d 148, 2006-Ohio-2491, 854 N.E.2d 513, ¶ 43, we noted that the phrase "regular use" was unambiguous, but "fact specific" in its determination. We reiterated our previous adoption of five "signposts" as an analytical structure to determine whether a vehicle at issue was provided for an insured's "regular use." Id. at ¶ 44, citing *Hartman v. Progressive Max Ins. Co.*, 2006-Ohio-1629, 2006 WL 832915, at ¶ 13, which cited the court's original adoption of the test in *Nationwide Ins. Co. v. Siefert* (Aug. 8, 1980), 6th Dist. No. L–79–361, 1980 WL 351460.

{¶ 21} "They include (1) whether the vehicle was available most of the time to the insured; (2) whether the insured made more than mere occasional use of the vehicle; (3) whether the insured needed to obtain permission to use the vehicle; (4) whether there was an express purpose conditioning use of the vehicle; and (5) whether the vehicle was being used in an area where its use would be expected." *Merillat*, 167 Ohio App.3d 148, 2006-Ohio-2491, 854 N.E.2d 513, ¶ 44.

{¶ 22} Applying this framework to the facts in this matter, we find it abundantly clear that appellant had not been provided the vehicle in which he was injured for his "regular use." (1) Neither this vehicle nor any other at the dealership was available to appellant for most of the time; (2) appellant's use of this vehicle or any other was, at best, occasional; (3) appellant's use of this vehicle or any other at the dealership required permission. There is nothing in the record suggesting that appellant had any authority to use any dealership vehicle at will; (4) appellant's use of any vehicle owned by the dealership or its customers was only within the circumscribed scope of his duties as a mechanic; and (5) there is nothing in the record to suggest that appellant was on any frolic or detour for his own purposes. Consequently, none of the five signposts articulated in the controlling precedents of this court points to a conclusion that the vehicle in which appellant was injured had been provided to him for his "regular use."

{¶ 23} With respect to the trial court's attempt to distinguish *Merillat* on the ground that it interpreted the liability portion of the insurance contract rather than "U" coverage, this conclusion ignores the *Hartman* case upon which *Merillat* was founded. *Hartman* was a "U" coverage case.

{¶ 24} Concerning the out-of-district cases upon which the court relied, these were fleet cases in which the driver spent most of his or her working day on one of several vehicles provided by his or her employer. *Fleetwood v. Doe*, 8th Dist. No. 80877, 2002-Ohio-3907, 2002 WL 1767447, ¶ 2 (bus driver); *Hostottle v. Nationwide Mut. Ins. Co.*, 8th Dist. No. 89036, 2007-Ohio-5857, 2007 WL 3203063, ¶ 3 (police officer); *Brill v. Progressive Ins. Co.*, 8th Dist. No. 84665, 2005-Ohio-626, 2005 WL 376598, ¶ 6 (police officer); *McCall v. State Farm Mut. Auto. Ins.*

*Co.,* 9th Dist. No. 23601, 2007-Ohio-5109, 2007 WL 2812952, ¶ 2 (sanitation worker); *Yoder v. Thorpe,* 10th Dist. No. 07AP–225, No. 07AP–302, 2007-Ohio-5866, 2007 WL 3197394, ¶ 2 (police officer); and *Farm Bur. Mut. Auto. Ins. Co. v. Boecher* (1942), 37 Ohio Law Abs. 553, 554, 48 N.E.2d 895 (used-car salesman permitted take-home vehicles). Without doubt, these are examples of when furnished vehicles were available most of the time in satisfaction of signpost one and in contrast to appellant's access to his employer's vehicles.

{¶ 25} The trial court purports to follow *Kenney v. Employers' Liab. Assur. Corp.,* 5 Ohio St.2d 131, 34 O.O.2d 259, 214 N.E.2d 219, which involved a police patrol officer. *Kenney,* at 135, 34 O.O.2d 259, 214 N.E.2d 219, concluded that the officer was furnished a vehicle for his "regular use," interestingly arriving at this conclusion in at least partial reliance on *Farm Bur. Mut. Auto. Ins. Co. v. Marr* (D.N.J.1955), 128 F.Supp. 67. *Marr,* at 70, first articulated the five-signpost analysis adopted and consistently used in this court for determining whether "regular use" has been demonstrated. *Siefert,* 1980 WL 351460. In that regard, *Kenney* in no way conflicts with our jurisprudence on this issue.

{¶ 26} It is abundantly clear that the "regular use" exclusion is not applicable in this case. Accordingly, appellant's first assignment of error is well taken. Concomitantly, since appellee puts forth no alternative justification for denial of coverage, appellant is entitled to his requested partial summary judgment of a declaration of coverage. As a result, appellant's second assignment of error is well taken. The "bad faith" issue is a matter to be considered on remand.

{¶ 27} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay costs pursuant to App.R. 24.

Judgment reversed
and cause remanded.

Osowik and Sherck, JJ., concur.

James R. Sherck, J., retired, sitting by assignment.