[Cite as *Liggins v. White*, 2011-Ohio-4417.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96167**

## LESLIE LIGGINS, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## MARK WHITE, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720344

**BEFORE:**   S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 1, 2011

**ATTORNEYS FOR APPELLANTS**

L. Bryan Carr
Leonard F. Carr
The Carr Law Firm
1392 SOM Center Road
Mayfield Heights, Ohio 44124


**ATTORNEYS FOR APPELLEES**

**For AT&T Ohio**

Fred J. Pompeani
Porter, Wright, Morris & Arthur LLP
925 Euclid Avenue
Suite 1700
Cleveland, Ohio 44115-1483

**For State Farm Insurance Company**

Colleen A. Mountcastle
Donald G. Drinko
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Leslie Liggins ("Liggins")[1] appeals from a summary judgment entered in favor of State Farm Mutual Automobile Insurance Company ("State Farm") on the issue of whether the "regular use" exclusion in the underinsured motorist ("UIM") coverage provision of Liggins's personal insurance policy barred UIM coverage for an accident occurring while Liggins was using an employer-provided vehicle during the course and scope of her employment. For the following reasons, we affirm the decision of the trial court.

{¶ 2} Liggins's injuries resulted from a motor vehicle collision that occurred on March 12, 2008, while she was in the course and scope of her employment as a service associate field technician with AT&T. Part of her responsibilities included driving to various job locations in a work van provided by her employer. She would drive her personal vehicle to the AT&T garage and from there pick up her work assignments and vehicle for the day. Liggins testified to using the same van for the two years preceding the accident, unless the van required repairs. In that case, a temporary replacement vehicle was offered by AT&T.

On the day of the accident, Liggins picked up her van as normal. While she was stopped, with her hazard lights on and a safety cone in place behind the truck, the tortfeasor, Mark White, struck Liggins from behind. Liggins was seriously injured.

---

[1] Plaintiff-appellant Anthony Liggins's claims are for loss of consortium. For simplicity, all references to Liggins are intended to include Anthony Liggins's claims.

{¶ 3} White's insurance carrier paid the policy limits of $25,000 to Liggins, who then sought UIM coverage from her personal auto-insurance policy, purchased from State Farm. State Farm filed a motion for summary judgment based on the regular use exclusion contained in the UIM provision of her policy. The exclusion provides in pertinent part:

> **"There is no [UIM] coverage * * * for damages arising out of and due to bodily injury to any insured: while any insured is operating a vehicle * * * furnished to, or available for the regular use of you, your spouse, or any relative if the motor vehicle is not insured for this coverage under this policy."**

{¶ 4} The van was not specifically covered by the policy. Liggins filed a cross-motion for summary judgment, claiming as a matter of law that the regular use exclusion did not apply.

{¶ 5} State Farm argued that the regular use exclusion applied because Liggins drove an employer-provided vehicle in the course and scope of her employment and had specifically used the same truck for the two years preceding the accident. Liggins argued that her employer only allowed the use of the vehicle during work hours and therefore the vehicle was not available for her regular use. Liggins also relied on AT&T's statements that the van was not provided for Liggins's regular use.

{¶ 6} The trial court, finding in favor of State Farm, granted judgment against Liggins and held that the regular use exclusion applied, thereby barring coverage under Liggins's personal auto policy. While other claims remain pending, the trial court included the Civ.R.

54(B) certification with the partial judgment. Liggins timely appealed, raising two assignments of error that provide as follows:

**"I. The trial court erred in granting State Farm's motion for summary judgment.**

**"II. The trial court erred in denying appellant's motion for summary judgment."**

{¶ 7} Because both assignments of error raise the same issue, we will address both together.

{¶ 8} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.

{¶ 9} The overriding purpose of the regular use exclusion is to protect insurance companies from insured individuals purchasing coverage on one vehicle and then using that coverage for protection while continually driving non-owned vehicles for which no premium was paid. *Ohio Cas. Ins. Co. v. Travelers Indemn.* (1975), 42 Ohio St.2d 94, 97, 326 N.E.2d 263. Ohio law acknowledges "that insureds often drive non-owned vehicles on trips where driving chores are shared, or around town for short trips in a friend's or relative's car. Hence, the construction placed upon the term 'regular use' in family policies is quite favorable to the insured." Id.

{¶ 10} The Ohio Supreme Court accordingly defined "regular use" as frequent, steady, constant, or systematic use of the vehicle. *Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582, 589, 1994-Ohio-379, 635 N.E.2d 19. "[I]t is well settled that an automobile will be excluded under such policy provisions although it is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer." *Kenney v. Emp.'s Liab. Assur. Corp., Ltd.* (1965), 5 Ohio St.2d 131, 134, 214 N.E.2d 219. Finally, the "fact that [the insured] did not have unlimited use of the vehicle for both work-related and personal purposes is irrelevant" to the determination of whether a vehicle was available for the insured's regular use. *Pickering v. Nationwide Mut. Ins. Co.*, Cuyahoga App. No. 82512, 2003-Ohio-4076,¶ 22.

{¶ 11} In *Pickering*, the insured sought UIM coverage from her personal insurance policy for an accident that occurred while the insured was driving a United States Postal Service vehicle in the course and scope of her employment. This court, primarily relying on *Kenney*, determined that the term "regular use" was not affected by the fact that the insured only had access to the vehicle for work-related purposes, during work hours. The employer provided a vehicle for the insured's regular use during work hours, and the court noted, although not dispositive, the insured used that vehicle consistently to perform her job functions for the two years preceding the accident. Id. Therefore, even though an employer restricts the use of the vehicle to working hours and functions, the vehicle is still considered to be available for the employee's regular use. See id. "Regular use" is not synonymous with "unfettered access" in this context.

{¶ 12} In the current case, Liggins advances a similar argument as raised in *Kenney* and based on similar facts — arguing she only had access to the vehicle during work hours for work-related purposes to defeat the "regular use" exclusion. She claims that her employer, AT&T, admitted that the van was not available for Liggins's regular use and that a GPS unit was installed in the van to ensure enforcement of that prohibition. According to Liggins, based on that undisputed evidence, the van was not available for Liggins's regular use. However, based on *Pickering* and *Kenney*, which we are constrained to follow, Liggins's argument is without merit. The term "regular use" has not been interpreted to mean

unfettered access to the vehicle. Systematic and continuous use of a vehicle during work hours is sufficient. See *Kenney*, 5 Ohio St.2d 131; *Pickering*, 2003-Ohio-4076.

{¶ 13} In the alternative, Liggins argues there is a genuine issue of material fact necessitating a jury's resolution. Liggins's argument is premised on Justice Brown's dissenting opinion in *Ohio Cas. Ins. Co.*, 42 Ohio St.2d 94. Justice Brown pointed out that the determination of whether the insured's use of a vehicle was a "regular use" required a fact-specific inquiry that is to be determined on a case-by-case basis. Id. at 101 ( Brown, J., dissenting). We agree with that general statement, but disagree with its application to the current facts and procedural history.

{¶ 14} In this case, the material facts are not disputed. A "fact-specific inquiry with no disputed facts does not create a question of material fact preventing summary judgment." *Owners Ins. v. Barone* (June 6, 2011), N.D. Ohio No. 3:10 CV 116. Liggins established that AT&T provided a work van for her daily work use and subject to her exclusive control.[2] Liggins used one particular van during the two years preceding the accident, the only deviation being when the van underwent repairs. Liggins does not identify one material fact under dispute. The only dispute focuses on the application of the facts to the legal interpretation of "regular use," whether continuous work use is sufficient to satisfy the regular use exclusion.

---

[2] The facts of this case are distinguishable from those in *Gainer v. State Farm Ins. Co.*, Cuyahoga App. No. 88838, 2007-Ohio-5324, where the plaintiff was merely a passenger in a vehicle that the employer furnished for the driver's regular use. Liggins's employer furnished the vehicle for her regular use, and thus *Gainer* is inapplicable.

The trial court's resolution of that issue did not hinge on weighing facts or determining credibility.

{¶ 15} As a result of the foregoing, Liggins's two assignment of errors are overruled. There being no genuine issue of material fact and based on *Pickering* and *Kenney*, we find the trial court did not err in granting summary judgment in State Farm's favor. Reasonable minds can come to only one conclusion: the regular use policy exclusion to the UIM motorist coverage in Liggins's personal automobile insurance policy bars coverage for an accident occurring in the course and scope of her employment, while Liggins was operating a van provided by her employer, and made available for her regular use during work hours.

The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR