SULLIVAN, Appellant,

v.

WILLIAMS et al., Appellees.

[Cite as *Sullivan v. Williams*, 196 Ohio App.3d 759, 2011-Ohio-6131.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 11AP–135.

Decided Nov. 29, 2011.

760

Malek & Malek and James Malek, for appellant.

Gallagher, Gams, Pryor, Tallan & Littrell and Mitchell M. Tallan, for appellee State Farm Mutual Automobile Insurance Company.

---

Klatt, Judge.

{¶ 1} Plaintiff-appellant, Teresia Sullivan, a.k.a. Teresa Sullivan, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company. For the following reasons, we affirm that judgment.

{¶ 2} On January 30, 2008, appellant was driving her employer's car when she was involved in an automobile accident with another driver, Richard Williams. Williams was at fault in the accident. At the time of the collision, Williams maintained automobile liability coverage with a limit of $12,500 with State Farm. Appellant settled her claim against Williams for the policy limits, but that settlement did not fully compensate appellant for her damages.

{¶ 3} Because appellant claimed that her damages exceeded the $12,500 settlement, she sought underinsured-motorist benefits from State Farm, who had issued appellant an automobile liability insurance policy that provided $100,000 in uninsured/underinsured-motorist coverage per accident. However, the policy provided, in the uninsured/underinsured-motorist endorsement, that State Farm would not provide underinsured-motorist coverage "for damages arising out of and due to bodily injury to any insured: while any insured is operating or occupying a motor vehicle owned by, leased to, furnished to, or available for the regular use of you, your spouse, or any relative if that motor vehicle is not insured for this coverage under this policy" (the "regular use exclusion"). Appellant's policy listed only her personal vehicle as an insured vehicle, not the vehicle she was driving at the time of the accident with Williams.

{¶ 4} Based on this regular-use exclusion, State Farm filed a summary-judgment motion, arguing that appellant was not entitled to underinsured-motorist coverage because she was injured while operating a motor vehicle that was not insured under her policy and that was available for her regular and frequent use by her employer. The trial court agreed, holding that reasonable minds could conclude only that the car appellant was driving at the time of the accident was available for her regular and frequent use. Accordingly, the trial court found that appellant was not entitled to underinsured-motorist coverage from State Farm.

{¶ 5} Appellant appeals and assigns the following error:

The trial court erroneously granted defendant-appellees' motion for summary judgment because genuine issues of material fact remain which should properly be decided by a jury.

**Standard of Review**

{¶ 6} Appellate review of summary judgment motions is de novo. *Andersen v. Highland House Co.* (2001), 93 Ohio St.3d 547, 548, 757 N.E.2d 329. " 'When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.' " *Abrams v. Worthington,* 169 Ohio App.3d 94, 2006-Ohio-5516, 861 N.E.2d 920, ¶ 11, quoting *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

**Assignment of Error—Regular–Use Exclusion**

{¶ 7} Appellant contends that summary judgment was improper because there are genuine issues of fact regarding whether the car appellant was driving at the time of her accident was available for her regular use. Specifically, appellant argues that the car that she was driving was not available for her regular use because she was hired to work as a dispatcher and she had used her employer's car only four times before this accident. We disagree.

{¶ 8} The overriding purpose of the regular-use exclusion authorized by R.C. 3937.18 is to protect insurance companies from insured individuals purchasing coverage on one vehicle and then using that coverage for protection while continually driving nonowned vehicles for which no premium was paid. *Ohio Cas. Ins. Co. v. Travelers Indemn. Co.* (1975), 42 Ohio St.2d 94, 97, 326 N.E.2d 263. The Supreme Court of Ohio has defined "regular use" as frequent, steady, constant, or systematic use of the vehicle. *Sanderson v. Ohio Edison Co.* (1994), 69 Ohio St.3d 582, 589, 635 N.E.2d 19. "[I]t is well settled that an automobile will be excluded under such policy provisions although it is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer." *Kenney v. Employers' Liab. Assur. Corp.* (1966), 5 Ohio St.2d 131, 134, 214 N.E.2d 219.

{¶ 9} On or about January 25, 2008, appellant began working for Urban Express, a company that drives customers to and from medical appointments.

Appellant testified in her deposition that she was hired to work in Urban Express's office but that part of her job duties also required her to drive customers to their medical appointments. Urban Express provided her with a car to drive those customers to their appointments. In fact, appellant drove customers to appointments on four of her first five days with Urban Express in an employer-provided car. She was driving an employer-provided car when she was involved in the collision that led to this lawsuit.

{¶ 10} Based on this evidence, reasonable minds could conclude only that the car appellant was driving was available for her regular use. Appellant's job duties included driving customers to medical appointments, and Urban Express provided appellant with a car so that she could accomplish those job duties. Appellant did, in fact, drive customers in an Urban Express car on four of her first five days on the job. The fact that she worked at Urban Express for only five days does not preclude a finding that an employer-owned car was available for her regular use. While most cases that have analyzed the regular-use exclusion have considered use over periods of time much longer than five days,[1] the same question is paramount in every case: was there frequent, steady, constant, or systematic use of the vehicle? *Sanderson.* Here, we answer that question in the affirmative. Accordingly, pursuant to the terms of her policy's uninsured/underinsured-motorist endorsement, appellant was not entitled to underinsured-motorist coverage from State Farm. The trial court did not err by granting summary judgment in favor of State Farm.

{¶ 11} Lastly, we note that this court has previously rejected appellant's public-policy argument against the regular-use exception. *Yoder v. Thorpe,* 10th Dist. No. 07AP–225, 2007-Ohio-5866, 2007 WL 3197394, ¶ 38.

{¶ 12} We overrule appellant's sole assignment of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

CONNOR and DORRIAN, JJ., concur.

---

1. See, e.g., *Kenney* (police officer drove car 122 of 164 days); *McCall v. State Farm Mut. Auto. Ins. Co.,* 9th Dist. No. 23601, 2007-Ohio-5109, 2007 WL 2812952, ¶ 15 (sanitation worker drove truck five days a week for nine months); *Pickering v. Nationwide Mut. Ins. Co.,* 8th Dist. No. 82512, 2003-Ohio-4076, 2003 WL 21757846, ¶ 6 (UPS driver drove truck five days a week for two years).