MOTORISTS MUTUAL INS. CO., APPELLANT, *v.* SANDFORD ET AL., APPELLEES.

[Cite as Motorists Mutual Ins. Co. v. Sanford, 8 Ohio App. 2d 259.]

(No. 292—Decided October 17, 1966.)

Mr. *Frank J. Micheli,* for appellant.
Mr. *Walter P. Davidson* and Mr. *Roland W. Riggs,* for appellees.

GRAY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Washington County.

A petition was filed by plaintiff in the Common Pleas Court praying for a declaratory judgment to fix and determine the rights of all parties to this action in regard to insurance policy No. 1.3177 58 A 15, issued by plaintiff to defendant Elmer L. Sandford, and particularly insuring agreement paragraph V, subparagraph (c) (1). Hereinafter Elmer L. Sandford will be referred to as the insured.

An answer and a cross-petition were filed by the insured, and other pleadings were filed by the various parties to make up the issues.

The trial court heard the evidence and rendered judgment holding that the policy issued to the insured provided coverage for the operation of a 1952 Dodge truck owned by Herbert H. Sandford, father of the insured, on September 26, 1962, on which date the insured was involved in an accident with a motor vehicle operated by Roger H. Copeland, Jr.

Plaintiff, feeling aggrieved by this action of the trial court, filed its notice of appeal and its assignment of errors as follows:

1. "Error of the court in determining both as a conclusion of fact and as a conclusion of law that the insuring agreement paragraph (V) subsection (c) (1) of the policy of insurance issued by the plaintiff to the defendant, Elmer Lee Sandford is ambiguous."

2. "Error of the court in determining as a matter of law that Ransom Slack was the agent of the plaintiff in the procurement of the policy of insurance in this case by virtue of Ohio Revised Code Section 3929.27."

3. "Error of the court in determining that the defendant Elmer Lee Sandford is afforded coverage in this case for ambiguity."

4. "The decision and judgment rendered by the court in favor of the defendant Elmer Lee Sandford and against the plaintiff, are contrary to law."

Defendant insured, also feeling aggrieved by the action of the trial court, filed his notice of cross-appeal, assigning as errors the following:

1. "The trial court committed prejudicial error in holding

as a conclusion of law that the coverage afforded by the policy of insurance may not be extended by virtue of oral statements made to or by agent for plaintiff-appellant.''

2. ''The trial court committed prejudicial error in holding as a conclusion of law that appellee Elmer Lee Sandford is not entitled to reformation to effect extended coverage for mistake.''

At this point we wish to make the observation that considerable evidence was adduced at the trial as to the representations and understandings between the insurance company solicitor, or agent, and the insured, concerning the coverage by the insurance policy of the operation of other cars by the insured. The trial court found for the insured on other grounds. We do not deem it necessary to take up these other matters to reach a decision.

At the trial the following facts were developed. The father of the insured had owned the truck involved in the accident for about six months previous to the date of the accident. On September 26, 1962, the insured had driven his own car, a 1961 Ford convertible, shortly before the accident. It was in good operating condition at that time, and he testified that he was not operating his father's truck as a substitute for his own automobile. No evidence was offered by plaintiff that the insured regularly used the Dodge truck.

The first sentence of paragraph V is as follows:

''Use of other automobiles. If the first named insured is an individual, such insurance as is afforded by this policy with respect to said automobile applies to any other automobile, subject to the following provisions:

''* * *

''(c) This insuring agreement does not apply:

''(1) To any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse.''

It should be noted at this juncture that the word, ''regular,'' appears in paragraph V, subparagraph (c) (1). We wish to quote directly from the testimony of the insured, as follows:

''Q. Now with reference to the truck which was involved in the accident on September 26, 1962, had you ever had occasion

to drive it prior to the accident? A. Yes, I drove it a very few times. I hauled a load of gravel for the lane and I hauled some hay through the field and that was about all.''

''Regular,'' as defined by Webster's New International Dictionary, means constant, systematic. It has been defined as steady, methodical. Under the evidence contained in the record we cannot find that there was a regular, constant or systematic use of the 1952 Dodge truck by defendant Elmer Lee Sandford. In fact, we are required to hold that the evidence is to the contrary.

Since we are deciding this case upon the ground indicated above, we deem it unnecessary to consider any other alleged errors than those pertaining to the meaning of the word, ''regular,'' under insuring agreement paragraph V, subparagraph (c) (1), as related to the evidence adduced at the trial.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN, P. J., and CARLISLE, J., concur.