WITHROW, Appellee,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY et al., Appellants.

[Cite as *Withrow v. Liberty Mut. Fire Ins. Co.* (1991), 72 Ohio App.3d 592.]

Court of Appeals of Ohio,
Summit County.

No. 14754.

Decided Feb. 20, 1991.

*Marta J. Williger,* for appellee.

*Glenn W. Morris* and *Kerry Randall–Lewis,* for appellants.

CACIOPPO, Judge.

Wesley W. Withrow, plaintiff-appellee, was involved in an automobile accident on September 8, 1988. The vehicle involved in the accident was a van owned by Wayne Backus for use in Backus's business. Withrow drove the van for the business on a daily basis for over one and one half years. However, at the time of the accident, Withrow was driving the van to his home from a bar where he had been drinking that evening after work.

Withrow was aware that the van was not insured, but did not ask his insurance agent to cover the vehicle in his personal automobile policy.

Following the accident, Liberty Mutual Fire Insurance Company, defendant-appellant, denied Withrow coverage for the accident based on an exclusion clause for the "regular use" of another automobile.

Withrow filed declaratory judgment action, and the case went to trial on May 29, 1990. The trial court found in favor of Withrow. Appellant raises a single assignment of error in this appeal. We reverse.

### Assignment of Error

"The trial court erred in finding that personal automobile policy exclusion for non-owned vehicles 'furnished or available for regular use' was not applicable."

Appellant argues that the trial court erred when it failed to apply the personal automobile policy exclusion for a non-owned vehicle which is furnished or available for an insured's regular use.

The exclusion clause in the appellee's personal automobile insurance policy with the appellant states in pertinent part:

"EXCLUSIONS

"B. We do not provide liability coverage for the ownership, maintenance or use of:

"2. Any vehicle, other than your covered auto, which is:

" * * *

"b. Furnished or available for your regular use."

The general purpose of this type of provision is to cover occasional or incidental use of vehicles without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase in the premium. 58 Ohio Jurisprudence 3d (1985) 391, Insurance, Section 892; American Jurisprudence 2d (1980, Supp.1990), Automobile Insurance, Section 244. See, also, Annotation (1981), 8 A.L.R.4th 387.

When called upon to interpret insurance contracts, a court is required to construe provisions strictly against an insurer only when the provisions are ambiguous. See *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324. Otherwise, undefined words used in an insurance policy are to be given their common meaning unless an absurdity results. See *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380.

Past decisions have defined the phrase "furnished for regular use" as found in individual or family automobile insurance policies as a frequent, steady or constant use over a substantial period of time. *Ohio Cas. Ins. Co. v. Travelers Indemn. Co.* (1975), 42 Ohio St.2d 94, 95, 71 O.O.2d 69, 71, 326

N.E.2d 263, 264, citing *Kenney v. Employers' Liability Assurance Corp.* (1966), 5 Ohio St.2d 131, 34 O.O.2d 259, 214 N.E.2d 219; *Motorists Mut. Ins. Co. v. Sandford* (1966), 8 Ohio App.2d 259, 37 O.O.2d 249, 221 N.E.2d 596.

In the instant case, the trial court found that appellee Withrow drove the employer-owned van on a daily basis, transporting workers and himself to and from job sites. The trial court also found that Withrow had his own set of keys for the van and was allowed to take the van to his home on numerous occasions. Further, the trial court found that Withrow had used the van on occasion for his personal use. However, in its conclusions of law, the trial court did not conclude that these findings constituted a regular use and, thus, declared that Withrow's policy must cover the accident. We disagree.

In support of its conclusions of law the trial court stated:

"An employee's use of the employer's vehicle for transportation 'on the way to work or on the way home from work does not constitute the operation of a motor vehicle in one's business or occupation.' *National Mutual Insurance Co. v. Reiser* (1984), 15 Ohio App.3d 21 [15 OBR 43, 472 N.E.2d 375]."

We find the trial court's reliance on *Reiser, supra,* misplaced. The holding cited from that case referred to a "business or occupation use" policy exclusion clause in an automobile insurance policy. Thus, the reasoning cited in *Reiser, supra,* does not apply to this case.

Based on our review of the record, we find that the company's vehicle had been furnished for Withrow's "regular use" within the meaning of the exclusionary clause found in Withrow's personal automobile coverage and as defined in *Ohio Cas. Ins. Co. v. Travelers Indemn. Co., supra,* and cases cited therein. There was no coverage under Withrow's personal automobile insurance policy for the accident, whether or not he had been on a social rather than a business function at the time the accident occurred. Withrow had a constant or "regular" use of the company vehicle over a substantial period of time, for both business and personal use. Thus, the exclusion clause found in his personal automobile insurance policy was unambiguous and should have controlled the disposition of this case. See, also, *Romano v. Girlinghouse* (La.App.1980) 385 So.2d 352; *Economy Fire & Cas. Co. v. Gorman* (1980), 84 Ill.App.3d 1127, 40 Ill.Dec. 468, 406 N.E.2d 169.

Accordingly, we sustain appellant's assignment of error. The judgment of the trial court is reversed and judgment is hereby rendered for appellant.

*Judgment reversed.*

BAIRD, P.J., and VICTOR, J., concur.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, sitting by assignment.