DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas which found in favor of appellee, Progressive Max Insurance Co. ("Progressive"). For the following reasons, we affirm the trial court judgment.
 {¶ 2} Appellant, Ryan Hartman, sets forth the following assignment of error:
 {¶ 3} "The trial court committed error in denying plaintiff-appellant, Ryan Hartman, UM/UIM coverage pursuant to the plaintiff's policy of insurance with defendant-appellee, Progressive Max Insurance Company."
 {¶ 4} The facts relevant to this appeal are as follows. In the fall of 2001, appellant entered into an oral agreement with Robert Miller, his girlfriend's father, to purchase a 1986 Jeep Cherokee Laredo. Appellant and Miller agreed on a purchase price of $800. They also agreed that Miller would retain title until appellant paid for the vehicle in full. Appellant made an initial payment and took possession of the Laredo.
 {¶ 5} At the time of purchase, appellant knew the Laredo had a serious engine problem. The vehicle was transported to his father's residence in Indiana for repairs. The Laredo was housed at appellant's father's home until February 2002, when a new engine was installed. Appellant drove the Laredo back to his residence in Edon, Ohio, for use as his personal vehicle.
 {¶ 6} On February 22, 2002, approximately four days after bringing the vehicle back to Edon, appellant was involved in a collision while returning from work. The Laredo was totaled and sold for its salvage value. Appellant had not fully paid Miller. Miller had not transferred title on the Laredo. At the time of the accident appellant was listed as a driver on his girlfriend's Progressive Max Insurance Co. policy. This policy covered all listed drivers and vehicles. The listed vehicles included a 1995 Ford Escort and a 1999 Chevrolet Camero. The Laredo was not an insured vehicle under the policy.
 {¶ 7} Appellant participated as a defendant in an interpleader action regarding the collision. This action, filed in Stueben County, Indiana, was settled. Appellant received $10,432 for medical expenses. Following payment of his medical expenses, appellant received less than $1,000. Appellant made a claim for further compensation pursuant to the underinsured/uninsured motorist ("UM/UIM") provisions of his girlfriend's policy, but his claim was denied. In response, appellant filed this action.
 {¶ 8} The UM/UIM coverage portion of the policy contains the following provision: "Coverage under this Part III is not provided for bodily injury or property damage sustained by any person: 1. while operating or occupying a motor vehicleowned by, furnished to, or available for the regular use of,you or a relative, other than a covered vehicle[.]" In its motion for summary judgment, Progressive argued appellant either owned the Laredo or, alternatively, the vehicle was furnished for his regular use. Progressive argued both scenarios are within the parameters of the exclusion provisions. Progressive therefore denied UM/UIM coverage. The trial court concurred. Summary judgment was granted to Progressive. Appellant filed a timely appeal.
 {¶ 9} We must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used at the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is appropriate when there remains no genuine issue of material fact, and where reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). All evidence and inferences must be construed in favor of the nonmoving party. Id. Appellant's arguments must be evaluated in light of this standard.
 {¶ 10} In his sole assignment of error, appellant contends the trial court erred in its denial of UM/UIM coverage. Appellant argues legal title to the Laredo had not passed to him and therefore he was not the "owner" of the vehicle. Appellant also maintains that because the Laredo was mechanically non-functional, it could not have been "furnished" for "regular use." Each of these arguments will be addressed below.
 {¶ 11} It is well settled in Ohio that issues of ownership and legal title are governed by R.C. 1302.42. Entitled "Passing of Title; Reservation for Security," 1302.42(B) states: "Unlessotherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading:" (emphasis added). Therefore, title passes at the time of delivery unless the parties have otherwise agreed on a condition to be satisfied. See Smith v. Nationwide Mut. Ins.Co. (1988), 37 Ohio St.3d 150, 152; Grange Mut. Cas. Co. v.Smith (1992), 80 Ohio App.3d 426, 432-433; Valley Forge Ins.Co. v. Great American Ins. Co. (Sept. 13, 1995), 4th Dist. Nos. C-940625, C9-40673.
 {¶ 12} Whether an explicit agreement exists looks to the intent of the parties. Grange, supra, at 589. An explicit agreement may be in writing, but a writing is not required.Valley Forge, supra, at 3. In these situations, title passes when the seller has committed to the transfer of the goods. Id. The record shows that Miller and appellant had an "explicit" agreement. Pursuant to that agreement, appellant had not performed so as to finalize the sale and receive title. In their depositions, each testified consistently and repeatedly they had agreed title to the Jeep Laredo would only pass to appellantafter he had paid Miller in full. At the time the accident occurred, appellant had not paid Miller in full, so title never transferred to appellant. At the time of the accident, Miller was still the owner of the Laredo.
 {¶ 13} Next we must examine the "regular use" contractual term issue. Whether a vehicle is "furnished for regular use" is a fact-sensitive inquiry and is examined on a case-by-case basis.Kenney v. Employers' Liability Assur. Corp. (1966),5 Ohio St.2d 131, 134; Nationwide Ins. Co. v. Siefert (Aug. 8, 1980), 6th Dist. No. L-79-361. Although no bright line rule exists, this court has established five "signposts" which are indicative of the point at which a vehicle has been furnished for "regular use." Siefert, supra, at 2. Though none of these factors is unilaterally dispositive, courts consider: (1) whether the vehicle was available most of the time to the insured; (2) whether the insured made more than mere occasional use of the vehicle; (3) whether the insured needed to obtain permission to use the vehicle; (4) whether there was an express purpose conditioning use of the vehicle; and (5) whether the vehicle was being used in an area where its use would be expected. Id. When these factors balance in favor of the insured, the vehicle was not provided for "regular use."
 {¶ 14} The record shows the Laredo was "made available" most of the time to appellant. Appellant had exclusive possession of the Laredo. Although the vehicle was non-functional for several months, appellant controlled the timing of the repairs. Appellant solely possessed and controlled the vehicle. Appellant could have had the Laredo repaired and in working order at any time after he took possession of it. That he chose not to do so was his decision. Thus, the Laredo was "made available" to the appellant.
 {¶ 15} It is clear from appellant's deposition that once the Laredo was functional he intended to make regular use of it. This is demonstrated by appellant's attempt to acquire title from Miller in order to insure the vehicle and appellant's use of another vehicle's license plate while driving the Laredo to and from work. Had the accident not occurred, appellant would likely have continued to regularly make use of the Laredo. Appellant made regular, not merely occasional, use of the vehicle.
 {¶ 16} The record shows appellant did not need permission to use the Laredo. Appellant had possession of the vehicle and moved it out-of-state. He made repairs to the Laredo at his leisure. Miller knew appellant intended to repair the Laredo and presumably would begin to use it once repaired. By allowing appellant to take possession of the Laredo, Miller gave appellant consent to repair and use the vehicle in any manner deemed fit by appellant. Appellant's use of the Laredo was not subject to permission.
 {¶ 17} The record contains no evidence of a limited, express purpose for use of the Laredo. Thus, use of the vehicle was not conditional on fulfillment of an explicit function.
 {¶ 18} Finally, the Laredo was being used in an area where such a vehicle would be expected. Appellant was in transit from work. The Laredo was furnished for appellant's regular use. As such, the "other owned vehicle" exclusion in the Progressive policy is triggered. As shown by all of the above, the substantial balance of the factors falls in favor of the insurer. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.