[Cite as *Schmucker v. Kurzenberger*, 2013-Ohio-1726.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DONNY SCHMUCKER, et al.

    Appellants/Cross-Appellees

    v.

EDWARD L. KURZENBERGER, et al.

    Appellees/Cross-Appellants

C.A. No.      12CA0013

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.      09-CV-0052

DECISION AND JOURNAL ENTRY

Dated: April 29, 2013

---

CARR, Judge.

{¶1} Donny and Cheryl Schmucker, co-administrators of the estate of Jessica Schmucker (collectively "the Schmuckers") appeal the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of Wayne Mutual Insurance Company ("Wayne Mutual"). Wayne Mutual appeals the same judgment that denied its motion for summary judgment on one of its three proposed grounds. This Court affirms.

I.

{¶2} At approximately 5:00 p.m., on June 22, 2008, as Edward Kurzenberger was driving his daughter Nina and her friend Jessica Schmucker to get something to eat, Edward lost control of the Jeep in which they were riding when Nina grabbed the steering wheel. Nina had cautioned her father that he was driving left of the center line. When he continued to drift to the left, Nina jerked the steering wheel to the right. Attempting to compensate, Edward steered to the left and lost control of the Jeep. The Jeep veered across the oncoming lane of traffic, hit the

ditch and became airborne, rolling several times. Jessica was ejected from the vehicle and later died as a result of her injuries.

{¶3} The Schmuckers filed a wrongful death and personal injury action against the Kurzenbergers and later amended their complaint to add Wayne Mutual, the insurance company that provided automobile insurance to Nina's mother and stepfather, Carolyn and Gerard Clarke. The Schmuckers sought a declaration that the insurance policy provided coverage for the accident. Wayne Mutual filed a counterclaim seeking declaratory judgment that it had no obligation to provide coverage for the accident based on Nina's actions.

{¶4} The Schmuckers and Wayne Mutual both filed motions for summary judgment on the issue of Wayne Mutual's obligation to provide coverage. The trial court granted summary judgment in favor of Wayne Mutual after concluding that the insurance company had no obligation to provide coverage under the policy exclusion for operators 14 years of age or older who do not possess a valid license or learner's permit. The trial court premised its judgment on the underlying findings that Nina was using the Jeep as she rode in it as a passenger and that she was an operator of the Jeep when she turned the steering wheel from the passenger's seat.

{¶5} The Schmuckers appealed and this Court reversed. *Schmucker v. Kurzenberger*, 9th Dist. No. 10CA0045, 2011-Ohio-3741. This Court concluded that Nina was a covered person under the Wayne Mutual policy and that she was using the Jeep as a passenger at the time of the accident. Wayne Mutual concedes these points. We further concluded that the automobile policy did not clearly intend to exclude Nina's actions from coverage under the exclusion for operators without a valid license. *Id.* at ¶ 13. We declined to address the Schmuckers' assigned error challenging the trial court's failure to grant their motion for summary judgment that argued that no other policy exclusions applied to deny coverage because the trial court had not yet

considered those issues. *Id.* at ¶ 18. We, therefore, remanded the matter to the trial court for further consideration.

{¶6} On remand, the trial court considered the applicability of the remaining three exclusions briefed by the parties in their respective motions for summary judgment. The trial court concluded that the intentional acts exclusion did not operate to deny coverage to Nina, but that both the unpermitted use exclusion and regular use exclusion were applicable to obviate Wayne Mutual's obligation to provide coverage for the accident. The trial court, therefore, granted summary judgment in favor of Wayne Mutual.

{¶7} The Schmuckers appealed, raising two assignments of error. Wayne Mutual cross-appealed, raising one assignment of error.

II.

### THE SCHMUCKERS' ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE SCHMUCKERS' MOTION FOR SUMMARY JUDGMENT.

### THE SCHMUCKERS' ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING WAYNE MUTUAL'S MOTION FOR SUMMARY JUDGMENT.

{¶8} The Schmuckers argue that the trial court erred by granting Wayne Mutual's motion for summary judgment and declaring that the insurance company had no obligation to provide coverage for the accident based on the policy's unpermitted use and regular use exclusions. The Schmuckers further argue that the trial court erred by failing to grant summary judgment in their favor and to declare that Wayne Mutual was obligated to provide coverage for the accident. This Court disagrees.

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶10} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶12} We earlier recognized: "An insurance policy is a contract. When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement [by] * * * look[ing] to the plain and ordinary meaning of the language

used * * * unless another meaning is clearly apparent from the contents of the policy. In circumstances where an insurance policy contains terms that are susceptible [to] more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Additionally, an insurance policy exclusion will be interpreted as applying only to that which is *clearly* intended to be excluded." (Internal citations and quotations omitted) *Schmucker*, 2011-Ohio-3741, at ¶ 7. "[A] defense based on an exception or exclusion in an insurance policy is an affirmative one, and the burden is cast on the insurer to establish it." *Continental Ins. Co. v. Louis Marx Co., Inc.*, 64 Ohio St.2d 399, 401 (1980).

{¶13} The insurance policy at issue was issued to Gerard and Carolyn Clarke, Nina's stepfather and mother. Any reference to "you" or "your" in the policy referred to the Clarkes. There is no dispute that the Jeep involved in the accident belonged to Nina's father Edward and was not a "covered auto" as the policy defined that term. This Court has determined, and Wayne Mutual concedes, that Nina was a covered person and that she was using the Jeep at the time of the accident.

Unpermitted Use Exclusion

{¶14} The trial court concluded that coverage for the accident was excluded under the following exclusion in Wayne Mutual's policy:

A. We do not provide Liability Coverage for any covered person:

* * *

9. using or occupying a vehicle:

a. without a reasonable belief that that person is entitled to do so, [or]

* * *

c. outside the scope of your permission[.]

{¶15} There is no dispute that Nina had permission to ride in her father's Jeep at the time of the accident. No party disputes that she was entitled at that time to use the Jeep as a passenger. The crux of the parties' dispute is whether Nina's action of grabbing the steering wheel and jerking it to the right as Edward drove was outside the scope of the permission granted to her to use the Jeep as a passenger.

{¶16} The parties disagree regarding which actions constituted Nina's use of the Jeep and from which the scope of permission may be determined. The Wayne Mutual policy does not define the term "use." The Schmuckers argue that Nina's use arose out of her status as a passenger, while Wayne Mutual argues that her use of the Jeep was her specific act of grabbing and jerking the steering wheel. We decline to construe the policy exclusion as proposed by the Schmuckers. To do so would recognize that no individual action taken by a passenger would constitute an unpermitted use. Such a construction would render the exclusion meaningless. Accordingly, we conclude that the policy covers actions which are ordinarily reasonable and excludes from coverage actions during the use of a vehicle which are not, as a matter of law, ordinarily reasonable. This best reflects the intent of the drafter, Wayne Mutual, to provide coverage for ordinarily anticipated accidents. Extraordinary uses would, therefore, be excluded as beyond the scope of permission.

{¶17} Reasonably, the scope of the use of a vehicle by a passenger contemplates actions taken by the passenger which allow the passenger to ride comfortably and safely while in the vehicle. The scope of a passenger's use of a vehicle reasonably does not include any actions which interfere with the driver's or any other passenger's use of the vehicle. While it may be reasonable under extraordinary circumstances for a passenger to grab and maneuver the steering wheel while the driver operates the vehicle erratically or is unable to continue operating the

vehicle, it is not ordinarily reasonable for a passenger to interfere with the driver's operation of the vehicle. Such interference would necessarily convert the passenger's use of the vehicle to a use reasonably reserved for the vehicle's driver. Such use by a passenger is beyond the scope of reasonable use. Accordingly, a passenger's grabbing and maneuvering the steering wheel is outside the scope of a passenger's permissive use of the vehicle as a matter of law. *See, e.g., Millet v. Nelson*, 408 So.2d 360, 361 (La.App.1981); *U.S. Fidelity & Guaranty Co. v. Hokanson*, 2 Kan.App.2d 580, 586 (1978) (A passenger's unexpected act of grabbing the steering wheel while the vehicle is traveling at a high rate of speed constitutes a material deviation of permission granted to a passenger.).

{¶18} In support of its motion for summary judgment, Wayne Mutual appended the Clarkes' automobile insurance policy and the deposition testimony of Edward Kurzenberger, Carolyn Clarke, and Anthony McClure.

{¶19} Edward testified that he was driving Nina and Jessica to a restaurant before returning them to the Clarke home where Nina lived. He testified that, as he was driving on Friendsville Road, Nina grabbed the steering wheel and pulled it to the right. He testified that the Jeep jerked sharply to the right and that when he tried to regain control, the Jeep veered to the left, went across the roadway into the ditch and rolled. Edward testified that he does not know why Nina grabbed the wheel and that he did not believe that anything he did caused Nina to grab the wheel.

{¶20} Carolyn Clarke testified Edward called her after the accident and told her to come to the hospital. Carolyn questioned Nina at the hospital about the accident. She testified that Nina told her that she saw her father drive left of the center line, that another vehicle was approaching, and that she "yanked" the wheel because she was scared that the Jeep was going to

hit oncoming traffic. Carolyn testified that Nina was charged with interfering with a driver as a result of the accident and that she admitted to the charge.

{¶21} Anthony McClure testified that he was driving with his brother on Friendsville Road when he saw a Jeep cresting a hill. Although he did not see the Jeep go left of center before it veered right, he testified that he saw it veer sharply to the right and then back across the entire road and into a ditch, becoming airborne and rolling several times. In support of their competing motion for summary judgment, the Schmuckers attached a copy of the traffic crash report, which contained witness statements by Edward (both narrative and responsive to the investigating trooper's questions), Nina (both narrative and responsive), Anthony McClure, and Sam McClure.

{¶22} In his narrative statement, Edward wrote that he lost control of the Jeep while traveling 55 mph when Nina grabbed the steering wheel and turned it to the right. He noted that Nina told him that he was left of center. He wrote that there were no other vehicles in the area at the time. In his responsive statement, Edward told the trooper that he "might have been" left of center. After the trooper asked him whether he went left of center intentionally, he responded, "Yes."

{¶23} In her narrative statement, Nina wrote that she told her father to "watch going left of center." She continued that "as a joke he went a little left of center," at which time she "grabbed the wheel to get him back to the right." She wrote that she pulled too hard on the wheel and that her father lost control of the Jeep. In her responsive statement, she informed the trooper that she used her left hand to pull the wheel to the right.

{¶24} Anthony McClure's narrative statement mirrored his deposition testimony. His brother Sam McClure, who was a passenger in Anthony's truck, reported that he saw the Jeep

jerk to the right, swerve to the left across his lane of traffic, and roll. He reported that he did not see the Jeep go left of center before it jerked to the right.

{¶25} Based on this Court's de novo review, we conclude that Wayne Mutual met its initial burden under *Dresher* to show that the unpermitted use exclusion is applicable to obviate its obligation to provide coverage to Nina for the accident. Wayne Mutual presented evidence by way of Edward's testimony that Nina grabbed and turned the steering wheel while he was driving, thereby causing him to lose control of the Jeep. The insurance company also presented evidence that Nina admitted to committing a traffic offense, specifically interference with a driver. Accordingly, Wayne Mutual presented evidence that Nina acted beyond the scope of permitted use as a passenger when she interfered with the driver's use of the Jeep by grabbing the steering wheel. The Schmuckers, however, failed to meet their initial burden in support of their motion for summary and their reciprocal burden under *Tompkins* in opposition to Wayne Mutual's motion to show that the unpermitted use exclusion was not applicable. In fact, evidence appended to their competing motion for summary judgment established that Nina grabbed and turned the steering wheel, albeit in an attempt to avoid what she may have perceived to be an imminent danger. Nevertheless, given this Court's conclusion that a passenger's use of a vehicle contemplates only ordinarily reasonable acts, specifically, acts which do not interfere with any other occupant's use of the vehicle, we conclude that the Schmuckers failed to present any evidence to demonstrate that Nina acted within the scope of her permitted use as a passenger. Accordingly, no genuine issues of material fact existed and Wayne Mutual was entitled to judgment as a matter of law. Therefore, the trial court did not err by declaring that Wayne Mutual was relieved of its obligation to cover Nina for the accident based on the unpermitted use exclusion.

Regular Use Exclusion

The Schmuckers did not argue in their motion for summary judgment that the regular use exclusion was not applicable to preclude coverage. Accordingly, the trial court did not err by failing to grant summary judgment in their favor and declare that Wayne Mutual was obligated to provide coverage because this exclusion was not applicable.

{¶26} The trial court concluded that coverage for the accident was also excluded under the following exclusion in Wayne Mutual's policy:

> B. We do not provide Liability Coverage for the ownership, maintenance, or use of:
>
> * * *
>
> 3. any vehicle, other than your covered auto, which is:
>
> * * *
>
> b. furnished or available for the regular use of any family member[.]

{¶27} No party argues that Nina owned or maintained her father's Jeep. All parties agree that Nina was a family member of the insureds, Carolyn and Gerard Clarke, and that she used the Jeep as a passenger. The issue in dispute was whether Edward's Jeep was furnished or available for Nina's "regular use."

{¶28} "The general purpose of this type of provision is to cover occasional or incidental use of vehicles without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase in the premium." *Withrow v. Liberty Mut. Fire Ins. Co.*, 72 Ohio App.3d 592, 593 (9th Dist.1991).

{¶29} The concept of "regular use" in automobile insurance contracts "has been held to be use that is frequent, steady, constant or systematic." *Sanderson v. Ohio Edison Co.*, 69 Ohio

St.3d 582, 589 (1994), citing *Ohio Cas. Ins. Co. v. Travelers Indemn. Co.*, 42 Ohio St.2d 94 (1975). The determination of "regular use" is a "fact-sensitive inquiry" which must be "examined on a case-by-case basis." *Hartman v. Progressive Max Ins. Co.*, 6th Dist. No. WM-05-007, 2006-Ohio-1629, ¶ 13. Although not dispositive of the issue, five factors may provide guidance: "(1) whether the vehicle was available most of the time to the insured; (2) whether the insured made more than mere occasional use of the vehicle; (3) whether the insured needed to obtain permission to use the vehicle; (4) whether there was an express purpose conditioning use of the vehicle; and (5) whether the vehicle was being used in an area where its use would be expected." *Id.*, citing *Nationwide Ins. Co. v. Siefert*, 6th Dist. No. L-79-361, 1980 WL 351460 (Aug. 8, 1980).

**{¶30}** Wayne Mutual presented evidence by way of Edward's deposition that Edward owned two vehicles at the time of the accident. Edward testified that he drove his Jeep more than he drove the Dodge Dakota truck, using the truck for work and hauling purposes. He testified that his two sons, who were both old enough to drive, would also use the Jeep rather than the truck. While the three children lived with Edward's ex-wife Carolyn, she testified in her deposition that Edward had a standard order of visitation with the children, including one two-hour visit one evening a week and visitation every other weekend from Friday after work until 6:00 p.m. Sunday. This visitation would account 104 days a year, in addition to visitation for holidays, summer, and days of special meaning.

**{¶31}** In their brief in opposition to Wayne Mutual's motion for summary judgment, the Schmuckers did not present any evidence to dispute the evidence submitted by the insurance company. Instead, they merely attempted to analogize the unrebutted facts regarding the frequency of Nina's (and her brothers') use of the Jeep to cases in which other courts concluded

that the use was not regular. This Court concludes that those cases are distinguishable from the facts in this case. *Motorists Mut. Ins. Co. v. Sandford*, 8 Ohio App.2d 259 (4th Dist.1966) (concluding, after trial, that a son's borrowing his father's truck on one occasion when the son had his own operable vehicle did not constitute regular use); *Grange Mut. Cas. Co. v. Reither*, 6th Dist. No. L-95-063, 1995 WL 704106 (Dec. 1, 1995) (concluding that, after a bench trial, the trial court's finding that the vehicle was not available for Mr. Reither's regular use where he used it in part as a favor to the owner to keep it in good running condition, he had to obtain the owner's permission every time before driving it, and permission was sometimes denied). Accordingly, those cases do not persuade us to conclude, within the context of summary judgment proceedings, that Edward's Jeep was not available for Nina's regular use.

{¶32} Based on this Court's de novo review, we conclude that Wayne Mutual met its initial burden of presenting evidence to demonstrate that Edward's Jeep was furnished or available for Nina's (and her brothers') regular use. Edward used the Jeep most of the time unless he was working. Therefore, it was available most of the time for use during visitations with his children. His children who were licensed to drive used only the Jeep when they drove their father's vehicles. Because Edward had regular weekly visitation with the children and was responsible for transporting them to and from visitation, he used the Jeep on more than merely an occasional basis. Rather, the children rode in the Jeep on a frequent and systematic basis. Because Edward exercised his regular visitation and was required to pick up and drop off the children, the children did not need to obtain permission to ride in the Jeep. Moreover, the Jeep served an express purpose of transporting the children to both parents' homes, to restaurants (as at the time of the accident), and to other places the children needed or wanted to go. Finally, the Jeep was in an expected area at the time of the accident because it was being used to transport

Nina and her friend back to Nina's house after the girls spent the weekend at Edward's house. Based on the above analysis, this Court concludes that the trial court did not err by granting summary judgment in favor or Wayne Mutual and declaring that coverage for Nina for this accident was excluded pursuant to the policy's regular use exclusion.

**{¶33}** The Schmuckers' assignments of error are overruled.

### WAYNE MUTUAL'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING WAYNE MUTUAL'S MOTION FOR SUMMARY JUDGMENT BASED ON THE POLICY EXCLUSION FOR LIABILITY ARISING FROM AN INTENTIONAL ACT.

**{¶34}** Wayne Mutual argues that the trial court erred by denying its motion for summary judgment and failing to declare that the intentional acts exclusion operated to deny coverage to Nina. Based on our resolution of the Schmuckers' two assignments of error, Wayne Mutual's assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

The Schmuckers' assignments of error are overruled. We decline to address Wayne Mutual's assignment of error. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants/Cross-Appellees.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

MOORE, J.
DISSENTING.

{¶35} Because I disagree with the majority's construction of the entitlement and the permitted use exclusions, and because I believe that questions of fact exist as to the regular use exclusion, I respectfully dissent.

{¶36} The policy at issue in relevant part excluded from coverage any covered person who was "[u]sing or occupying a vehicle," "without a reasonable belief that that person is entitled to so," or "outside the scope of [the Clarkes'] permission[.]" The majority has interpreted Nina's "use" of the Jeep during the time at issue to involve the singular act of pulling

on the steering wheel. I would interpret the term "using" as contained in the exclusions more broadly to involve her purpose in riding in the truck at time of the accident. Here, there is no question of fact that she was using the vehicle to travel to the restaurant with her father, and that she had a reasonable belief that she was entitled to do so, and doing so was not outside of the scope of the Clarkes' implied permission. Therefore, I believe that the trial court should have denied Wayne Mutual's motion for summary judgment, and granted summary judgment to the Schmuckers, on the issue of the non-applicability of these exclusions.

{¶37} The policy further excluded from coverage the use of "[a]ny vehicle, other than [the Clarkes'] covered auto, which is * * * furnished or available for the regular use of any family member[.]" Viewing the evidence that Wayne Mutual provided in support of its motion for summary judgment in the light most favorable to the Schmuckers, I cannot agree that there existed no question of material fact as to whether the Jeep was "furnished or available for the regular use" of Nina. Instead, as Edward indicated, he picked up Nina for his periods of parenting time after work, and he testified that he typically drove his truck to work. Therefore, it would seem to follow that the truck, rather than the Jeep, was available for Nina's regular use. There existed no evidence establishing the frequency or regularity in which Nina rode in the Jeep. Accordingly, I believe the trial court erred in granting summary judgment to Wayne Mutual on the issue of applicability of the regular use exclusion.

{¶38} Lastly, having determined that the trial court improperly granted summary judgment to Wayne Mutual on these bases, I would address Wayne Mutual's cross-assignment of error in which it maintains that the trial court erred in denying its motion for summary judgment on the issue of the applicability of the intentional acts exclusion. The exclusion provides that Wayne Mutual would not provide liability coverage "for any covered person * * * for bodily

injury or property damage caused intentionally by or at the direction of that person, including willful acts which can reasonably be expected to result in damage[,] death[,] or injury." The applicability of such an exclusion is dependent upon evidence that the covered person intended to cause the injury. *Physician Ins. Co. of Ohio v. Swanson*, 58 Ohio St.3d 189 (1991). In support of its motion for summary judgment, Wayne Mutual failed to provide any evidence demonstrating that Nina intended to cause injury by pulling on the wheel. To the contrary, Wayne Mutual provided the deposition testimony of Mrs. Clarke, wherein she testified that Nina had told her that she pulled the wheel in order to prevent a collision with an oncoming vehicle after Edward had crossed the center lane marking. Therefore, the trial court correctly concluded that Wayne Mutual failed to meet its initial burden of demonstrating the absence of a question of fact as to the applicability of this exclusion, and its motion for summary judgment on this basis was properly denied.

**{¶39}** Accordingly, I would affirm the trial court's decision in part, reverse it in part, and remand this matter for further proceedings.

APPEARANCES:

TIMOTHY B. PETTORINI and SARAH B. BAKER, Attorneys at Law, for Appellants/Cross-Appellees.

EDWARD A. DARK, Attorney at Law, for Appellees/Cross-Appellants.

FRANK G. MAZGAJ and GREGG PEUGEOT, Attorneys at Law, for Appellees/Cross-Appellants.

JOHN E. JOHNSON, JR., Attorney at Law, for Appellees/Cross-Appellants.