# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2524
Lower Tribunal No. 12-4152
_____


**Charlsie Sammydra Bryant, et al.,**
Appellants/Cross-Appellees,

vs.

**Windhaven Insurance Company,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Ver Ploeg & Lumpkin, and R. Hugh Lumpkin and Heather J. Gorin, for appellants/cross-appellees.

Law Offices of Gomez & Gomez, and Richard M. Gomez, for appellee/cross-appellant.


Before SHEPHERD, SALTER and LOGUE, JJ.

SALTER, J.

This appeal and cross-appeal involve insurance coverage following a tragic incident. We affirm the final judgment and the trial court's determination that coverage was excluded.

The appellants are the co-personal representatives of the estate of an infant who died in July 2011 (the "Estate"). The incident occurred when the driver of a van used to transport children to and from a daycare center left the infant in a carseat in the back of the van for over seven hours. The child allegedly died from the effects of the summer heat.

The appellee, Windhaven Insurance Company, issued a personal automobile insurance policy covering the operation of a sedan—not the daycare van involved in the child's death—owned and operated by Mr. Hernandez. Mr. Hernandez, the van driver for the daycare center, picked up the infant on the day of the tragedy, drove that vehicle (not his personal sedan) to the day care center, and parked it in front of the day care center where it remained through the time the infant's death was discovered.

When the daycare center, its landlord, and Mr. Hernandez were sued by the Estate for wrongful death, Mr. Hernandez notified Windhaven and requested a defense and indemnity under his personal automobile policy. Windhaven reserved its rights, provided a defense, and filed a declaratory action against the Estate and other parties alleging that its policy provided no coverage regarding the child's

death or any alleged negligence by its insured. Windhaven alleged that liability coverage was not available because of two exclusions in Hernandez's personal automobile policy:

EXCLUSIONS

A. We do not provide Liability Coverage for any 'insured':

\* \* \*

12. For any vehicle while it is being used for or in the course of "your" employment or occupation.

\* \* \*

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

\* \* \*

2. Any vehicle, other than "your covered auto", which is:

\* \* \*

b. Furnished or available for your regular use.

The parties filed cross-motions for summary judgment regarding the exclusions. The trial court granted Windhaven's motion regarding the so-called "regular use" exclusion, B.2.b., but denied its motion regarding the "employment" exclusion, A.12.[1] This appeal by the Estate and cross-appeal by Windhaven followed.

---

[1] The trial court denied the Estate's cross-motion for summary judgment regarding the claimed inapplicability of the "regular use" exclusion, and granted the Estate's cross-motion regarding the claimed inapplicability of the "employment" exclusion.

3

Analysis

The pertinent facts are not disputed for purposes of the coverage case, so that the applicability of the policy exclusions is a question of law. State Farm Fire & Cas. Co. v. Castillo, 829 So. 2d 242, 244 (Fla. 3d DCA 2002). We agree with the trial court that the daycare center van, like police squad cars[2] assigned for use by law enforcement officers, was furnished for Mr. Hernandez's "regular use," and thus subject to coverage exclusion B.2.b.

We also conclude, however, that the "employment" exclusion, A.12, applies to Mr. Hernandez's use of the daycare center van. There is no dispute regarding Mr. Hernandez's status as an employee of the daycare center when using the van. But the Estate argues causation—that the cause of the infant's death was not Mr. Hernandez's "use" of the van, because death occurred while the van was parked at the daycare center. In Martinez v. Citizens Property Insurance Corp., 982 So. 2d 57 (Fla. 3d DCA 2008), we found that a vehicle was not the cause of an injury in which the insured was crushed by his falling car while it was parked in the insured's driveway for an oil change. In that case, the cause of the injury was the

_____

[2] See Stack v. Surdacki, 479 So. 2d 228 (Fla. 3d DCA 1985); O'Brien v. Halifax Ins. Co. of Mass., 141 So. 2d 307 (Fla. 1st DCA 1962). As O'Brien makes clear, it is the regular use of vehicles other than the insured's personal vehicle that brings the exclusion into operation, and this is the result whether a single assigned vehicle or a pool of vehicles is made available for "regular use" by the insured.

collapse of a slab of concrete that would not hold the weight of the car, and not the car itself.

But in the present case, there is a direct causal connection between the use of the van and the infant's tragic death. The undisputed circumstances of the death establish that the injuries were the result of an accident arising out of the use of the van, in contrast to the cause of injury and the jitney bus in Lancer Insurance Co. v. Gomez, 799 So. 2d 334 (Fla. 3d DCA 2001). Lancer Insurance Co. applied the three-prong test set forth in Race v. Nationwide Mutual Fire Insurance Co., 542 So. 2d 347 (Fla. 1989), to determine if an accident arises out of the ownership, maintenance or use of an automobile. Race requires that:

> 1. The accident must have arisen out of the inherent nature of the automobile, as such;
>
> 2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have been terminated;
>
> 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.

Race, 542 So.2d at 349 (quoting 6B John Appleman & Jean Appleman, Insurance Law and Practice, § 4317 (Buckley ed.1979)). Applying that test, we conclude that the accident in the present case stemmed from "use" of the van, supporting application of the employment exclusion, A.12.

Under the first prong, the death arose out of the inherent nature of the van as a passenger transport. Prong two is satisfied because the accident occurred as a result of the unloading of the vehicle. In the case of the child, the unloading was not terminated, and it follows that the use of the van was not terminated. Prong three is also satisfied. The van itself produced the hyperthermal injury and death because of the van's windows and lack of cooling or ventilation.

Conclusion

We affirm the final judgment in favor of Windhaven, including the summary judgment determining that the regular use exclusion, B.2.b, excludes coverage for the child's death under Mr. Hernandez's personal automobile policy. Although that determination makes it unnecessary for us to reach the cross-appeal, we have provided our analysis regarding the employment exclusion for consideration in any subsequent review. As detailed above, we have concluded that the employment exclusion, A.12, also excludes coverage on these undisputed facts and provides an independent basis for the result below.

Affirmed.